MONON CORPORATION, a Delaware
corporation, Plaintiff,

v.

STOUGHTON TRAILERS, INC.,
a Wisconsin corporation,
Defendant.

No. 95 C 511.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 19, 1996.

100

John J. Held, McAndrews, Held & Malloy, Ltd., Chicago, IL, for Defendant Stoughton Trailers, Inc.

Lee F. Grossman, Lee F. Grossman and Associates, Ltd., Chicago, IL, for Plaintiff Monon Corporation.

## MEMORANDUM OPINION AND ORDER

GUZMAN, United States Magistrate Judge.

Pending is Defendant Stoughton Trailers, Inc.'s ("Stoughton") motion to compel discovery of Plaintiff Monon Corporation's ("Monon") alleged attorney-client and work product information and documents. Specifically, Stoughton seeks to discover all of Monon's documents and information that bear a sufficient relationship to the issue of Monon's alleged inequitable conduct resulting from Monon's non-disclosure of an on-sale bar and a prior art patent. For the reasons set forth below, this motion is hereby granted.

## BACKGROUND FACTS

On September 11, 1995, Stoughton filed its Motion for an Order Compelling Discovery of Monon's Alleged Attorney–Client and Work Product Information and Documents. Stoughton manufactures certain van trailers referred to in the industry as "plate trailer." Monon alleges that it is the owner of U.S. Patent No. 4,904,017 ("Monon patent"), entitled "Trailer Construction" which was issued February 27, 1990. Monon further alleges that Stoughton's plate trailers infringe the Monon patent and has filed a complaint for patent infringement. Stoughton has made a counterclaim for a declaratory judgement of invalidity, noninfringement, and nonenforceability, and a second counterclaim for false marking.

According to the findings of the district court relating to Defendant's Summary Judgment Motion, Monon entered into negotiations with Continental Can Company of Chicago ("Continental") regarding the possible purchase by one of Continental's subsidiaries, Allpoints Trucking Company, of approximately 300 van trailers. *Monon Corp. v. Stoughton Trailers, Inc.*, 915 F.Supp. 13, 15 (N.D.Ill.1996). Continental decided to purchase one trailer from Monon with the intention that if the trailer was successful, Continental's subsidiary would purchase 300 more. *Id.* On December 19, 1983, Monon sent an "order confirmation" to Continental stating that Continental's order for one trailer was entered. *Id.* at 15–16. Continental paid $18,640 for the trailer. Monon included a warranty with Continental's purchase of the trailer. *Id.* Monon delivered the trailer on or about April 1984. *Id.* Apparently satisfied with the trailer, in late 1984, Continental purchased 300 more trailers at $20,200 apiece. *Id.* The parties agree that claims 1 through 4 of the Monon patent read on the trailers sold to Continental in December 1984. *Id.*

Monon, through its attorney Mr. Richardson, prosecuted the Monon patent through the U.S. Patent and Trademark Office ("PTO"). As is required in patent prosecution, Mr. Richardson submitted an Information Disclosure Statement ("IDS") disclosing known, material prior art in order to fulfill his duty of candor. Mr. Richardson then sought to expedite the examination of the Monon patent because of alleged infringement by a competitor Wabash National Corporation by submitting a Petition to Make Special to the PTO. In order to comply with the Petition to Make Special requirements, Mr. Richardson prepared a second IDS to comply with his heightened duty of candor. Neither IDS, however, included the sale of the trailer to Continental or U.S. Patent No. 2,620,226 to Jones ("the Jones patent").

On February 7, 1996, Judge Alesia granted Stoughton's Motion for Summary Judgement of Invalidity of Monon Patent Claims 1 through 4 Based Upon the Commercial Exploitation of the Claimed Invention Prior to the Patent's Critical Date. *Monon Corp.*, 915 F.Supp. at 18.

## DISCUSSION

Federal Rule of Civil Procedure 37(a) provides that a party may apply for an order compelling discovery. Monon asserts that the information sought by Stoughton is protected from disclosure by the attorney-client privilege and/or the work product immunity. Stoughton asserts that the information sought is discoverable due to the crime-fraud exception to the attorney-client privilege and work product immunities or, in the alternative, due to necessity pursuant to Fed. R.Civ.P. 26(b)(3).

Under 35 U.S.C. § 102(b), a patent is barred if the invention was commercially exploited or patented more than one year before the filing of the patent application. Under 35 U.S.C. § 103, a patent is barred if the invention was obvious in view of the prior art, which is defined by 35 U.S.C. § 102. Applicants for patents have a duty to prosecute patent applications in the PTO with candor, good faith, and honesty. *Molins PLC v. Textron Inc.*, 48 F.3d 1172 (Fed.Cir. 1995). A breach of this duty of candor constitutes inequitable conduct. Instances that constitute a breach of the duty of candor include when an applicant fails to disclose known, material information with an intent to deceive the PTO. *Id.* at 1178. However, in order to pierce the attorney-client privilege,

it is not enough to merely show inequitable conduct. *American Optical v. United States*, 179 U.S.P.Q. 682, 684, 1973 WL 20128 (Ct.Cl. 1973). Rather, it is necessary for Stoughton to prove a prima facie case of common law fraud. *Creative Indus., Inc. v. Mobil Chem. Corp.*, 13 U.S.P.Q.2d 1534, 1536, 1989 WL 418799 (N.D.Ill.1989). The elements of common law fraud are: a knowing, willful, and intentional act of misrepresentation or omission before the PTO, materiality of the misrepresentation or omission and actual reliance by the PTO upon the misrepresentation or omission. *Id.; American Optical*, 179 U.S.P.Q. at 684.

### A. The Jones Patent

■ "Information is 'material' when there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent." *Molins*, 48 F.3d at 1179. The Jones patent is material because it discloses in FIG. 9 a trailer with contiguously abutting side panels. The Monon patent issued with claim 1 containing the following relevant language: "A trailer body … comprising … a pair of sidewalls, wherein each of said sidewalls comprises a plurality of similar, generally flat rectilinear side panels …, width and height aligned side-by-side in contiguous abutting relation…." Moreover, in response to an Office action on the Monon patent, Mr. Richardson asserted that no prior art disclosed a trailer with abutting side panels. This was only one day after responding to a rejection based on the Jones patent in a co-pending closely related patent application assigned to Monon for a plate trailer. Thus, as the court in *Pollenex Corp. v. Sunbeam-Home Comfort* stated, materiality is established by a showing that the withheld prior art is inconsistent with a position the applicant took in opposing an argument of unpatentability relied on by the PTO. 835 F.Supp. 394, 401 (N.D.Ill.1993). Here, the examiner rejected that Monon application based on a patent to Carter which disclosed a portable building with abutting side panels. Monon argued that a portable building was non-analogous prior art that could not be used against its plate trailer application. Had the Jones pat-

ent been disclosed to the PTO, Monon could not have made that argument. Therefore, under both the *Pollenex* and *Molins* standards, the Jones patent was material and should have been disclosed to the PTO.

■ The next element Stoughton must show is that the PTO relied on Monon's omission. When requesting expedited examination, an applicant is required to make a sworn statement that a careful and thorough search was conducted. *General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1411 (Fed.Cir.1994). Thus, the applicant must make an extra effort to look for and produce all relevant prior art. *Id.* Mr. Richardson, pursuant to his Petition to Make Special, represented to the PTO on February 7, 1986 that: "submitted herewith [is] a second Information Disclosure Statement which I believe includes the most pertinent prior art known to me at this time." Declaration of Applicant's Attorney in Compliance with 708.02, § II of M.P.E.P. (Def.Ex. A–10(b)) He further represented that "[a]ll of the claims now present in the application are believed to be allowable over the art presently known to the applicant." *Id.* Thus, the PTO relied on Mr. Richardson's representations in expediting the application and ultimately issuing the Monon patent.

■ Next, Stoughton must prove that Monon acted with the requisite intent to deceive the PTO. Intent, however, need not be proven by direct evidence. *Molins*, 48 F.3d at 1180. Rather, it is most often proven by a showing of acts, the natural consequence of which is presumed to be intended by the applicant. *Id.* In *Molins*, a seasoned patent practitioner knew of a highly relevant material reference but did not cite it during the prosecution of the patent application. *Id.* at 1181. The practitioner was aware of the materiality of the uncited reference because of its prominence in several foreign counterpart applications with which the practitioner was intimately involved. *Id.* Similarly, Mr. Richardson never disclosed the Jones patent during the entire prosecution of the Monon patent despite his awareness of the patent and its materiality due to the patent's prominence in a copending closely related patent

application assigned to Monon for a plate trailer. Under these circumstances, it can be reasonably inferred that Mr. Richardson made a deliberate decision to withhold a known, material reference in violation of his duty of candor to the PTO. *See Molins,* 48 F.3d at 1181–82. This conduct supports an inference that the withholding was intentional. *See Id.* at 1182.

## B. The On–Sale Bar

 Monon failed to disclose the plate trailer sold to Continental prior to the critical date of February 26, 1984.[1] The Continental trailer was material because the complete claimed invention was embodied in or obvious in view of the thing sold or offered for sale before the critical date. *Atlantic Thermoplastics Co. v. Faytex Corp.,* 970 F.2d 834, 836 (Fed.Cir.1992). If a patent owner seeks to avoid the on-sale bar by asserting that the sale or offer was experimental, a trial court must determine whether the patent owner sought the sale primarily for profit rather than as part of a testing program. *Id.* Other factors for determining whether the offer was experimental include: whether the product was under a confidentiality agreement, whether there were test records kept to trace the progress of the product, whether the inventor continued control over the product, whether the inventor communicated to the purchaser that the sale was for experimental purposes, whether the product was sold with guarantees or warranties, and whether payment was accepted for the product. *LaBounty Mfg., Inc. v. ITC,* 958 F.2d 1066, 1071–74 (Fed.Cir.1992); *Paragon Podiatry Lab. v. KLM Labs,* 984 F.2d 1182, 1185–1188 (Fed.Cir.1993). Here, Monon sold the trailer to Continental for over $18,000, no test records were kept, the inventor did not maintain control over the trailer, Monon did not communicate to the purchaser that the sale was for an experimental purpose, the trailer came with a warranty and the trailer was not kept secret pursuant to a confidentiality agreement; rather, the trailer was placed in Continental's fleet for regular use. "An inventor's protestation of an intent to

experiment, expressed for the first time during litigation, is of little evidentiary value, at best." *LaBounty Mfg.,* 958 F.2d at 1071. An inventor's failure to communicate to a purchaser that the sale or offering was for an experimental use is fatal to his case. *Id.* at 1072. Here, Monon sold the first trailer to Continental on December 19, 1983, prior to the critical date, in hopes that Continental would purchase 300 more if the first trailer was satisfactory to Continental. This is a common commercial technique to promote business. Furthermore, there is nothing in the record, except Monon's self-serving statement, that this sale was for testing purposes. Thus, under these circumstances, it cannot be doubted that the offer for sale was an ordinary commercial transaction that triggered the on-sale bar. Therefore, the trailer was material and should have been disclosed to the PTO.

The PTO relied on the information provided by Monon because of the expedited nature of the application. As detailed above, a heightened duty of candor is created when an application is Made Special. Thus, Monon's nondisclosure of the trailer in either of the two IDS submitted to the PTO evidence that the PTO relied on these statements in expediting the application and ultimately issuing the patent. Moreover, nondisclosure of an on-sale activity is especially egregious because, unlike an applicant's failure to disclose a material patent, the examiner has no way of securing the information on his own. *Paragon Podiatry,* 984 F.2d 1182, 1193 (Fed.Cir. 1993).

 Finally, Stoughton must show that Monon intentionally failed to disclose the Continental trailer. In other words, Stoughton must show that Monon made a deliberate decision to withhold a known trailer that it knew was material to the patentability of the Monon patent. Here, Monon agrees that the trailer anticipates the Monon patent. Monon's only defense was that it believed that the sale or offer for sale was for experimental purposes and therefore it did

---

1. The critical date is the date one year prior to the application's filing date. The Monon patent was filed on February 26, 1985.

not need to disclose the trailer. However, as discussed above, the offer for sale was not experimental. Thus, Monon had a duty to disclose the known offer for sale prior to the critical date. "Close cases should be resolved by disclosure, not unilaterally by the applicant." *LaBounty*, 958 F.2d at 1076. A patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality can expect to find it difficult to establish subjective good faith sufficient to prevent a finding of intent to mislead the PTO. *Id.* (citing *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1416 (Fed.Cir. 1987)). A mere denial of an intent to mislead will not suffice in such circumstances. *Id.* The evidence amply supports the inference that Monon acted with culpable intent to mislead the PTO by withholding its own offer to sell the Continental trailer and by making an argument for patentability which it could not have made had the offer been disclosed. *See LaBounty*, 958 F.2d at 1076.

Therefore, because Stoughton has established a prima facie showing of fraud, Monon must produce, for *in camera* inspection, all of its documents and information relating to the issues of Monon's on-sale bar and the Jones patent. *See Kockums Indus. v. Salem Equip.*, 561 F.Supp. 168, 173–174 (D.Or. 1983). Stoughton has demonstrated a compelling need for these materials because Stoughton has no other way to prove its exceptional case argument which is required for Stoughton to receive its attorney fees under 35 U.S.C. § 285. Federal Rule of Civil Procedure 26(b)(3) provides that a party may, upon a showing of substantial need and being unable to obtain the substantial equivalent without undue hardship, obtain discovery of documents and tangible things. The Seventh Circuit recognizes the qualified nature of the work product immunity. *Loctite Corp. v. Fel–Pro, Inc.*, 667 F.2d 577, 582 (7th Cir.1981). Therefore, because Stoughton can only demonstrate the bad faith of Monon, an thus an exceptional case, through the discovery of information in the hands of Monon, Monon must produce to this Court for *in camera* inspection all documents and information relating to the on-sale bar and the Jones patent, including any relevant work product of Monon's attorneys regarding their

knowledge and conduct in bringing the present suit. *See AM Int'l, Inc. v. Eastman Kodak Co.*, 217 U.S.P.Q. 1001, 1002, 1982 WL 171002 (N.D.Ill.1982); *Kockums Indus. v. Salem Equip.*, 561 F.Supp. 168, 173–174 (D.Or.1983). This Court will then allow Stoughton to inspect all documents and information determined to bear a sufficient relationship to the on-sale bar and the Jones patent. *See TRW Fin. Servs. v. Unisys Corp.*, 31 U.S.P.Q.2d 1065, 1071 (E.D.Mich. 1992).

## CONCLUSION

For the reasons set forth above, Defendant Stoughton's Motion for an Order Compelling Discovery of Monon's Alleged Attorney–Client and Work Product Information and Documents is hereby granted.

**SO ORDERED.**